OPINION
{¶ 1} Defendant-appellant Demetrius Sims ("Sims") brings this appeal from the judgment of the Court of Common Pleas of Allen County denying his motions to suppress.
 {¶ 2} On February 19, 2003, the Lima Police Department executed a search warrant at Sims' home. The search resulted in the police seizing quantities of marijuana, cocaine, a gun, scales, a pager, and cash. All of these items were specified in the search warrant. On March 13, 2003, the Allen County Grand Jury indicted Sims on one count of possession of crack cocaine, a first degree felony, one count of possession of powdered cocaine, a third degree felony, and one count of possession of marijuana, a third degree felony. Sims entered not guilty pleas to all of the charges on March 20, 2003. On March 31, 2003, and on May 14, 2003, Sims filed motions to suppress all of the evidence obtained in the search and to suppress his statements made to law enforcement personnel. An evidentiary hearing was held on June 25, 2003, on the motion to suppress the evidence obtained in the search. On July 16, 2003, the trial court overruled that motion to suppress. A second evidentiary hearing was held on July 22, 2003, concerning the motion to suppress Sims' statements. On July 30, 2003, the trial court denied this motion as well. On February 6, 2004, Sims entered a negotiated plea of no contest to the possession of crack cocaine and the possession of marijuana charges. The possession of powdered cocaine was dismissed pursuant to the plea agreement. The trial court found Sims guilty of the charges. On March 15, 2004, a sentencing hearing was held. The trial court sentenced Sims to ten years in prison on the possession of crack cocaine charge and to two years in prison for the possession of marijuana. The sentences were ordered to be served consecutively. Sims appeals from these judgments and raises the following assignments of error.
The trial court should have granted [Sims'] motion to suppressthe fruits of an illegal search of his home.
 The trial court should have granted [Sims'] motion to suppressinvoluntary statements.
 {¶ 3} Reviewing a motion to suppress is a mixed question of law and fact. State v. Norman, 136 Ohio App.3d 46,1999-Ohio-961, 735 N.E.2d 953. In a motion to suppress, the trial court is the trier of fact and is in the best position to resolve questions of fact and to evaluate witness credibility. Id. Thus, this court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. Id. Accepting those facts as true, we then must determine as a matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard. Id.
 {¶ 4} The first assignment of error alleges that the affidavit that supported the search warrant was insufficient. In determining whether a supporting affidavit was sufficient, this court must determine if the affidavit provided a substantial basis for the magistrate's conclusion that there was a fair probability that evidence of a crime would be found at the place to be searched. State v. George (1989), 45 Ohio St.3d 325, paragraph one of the syllabus, 544 N.E.2d 640.
 {¶ 5} In this case, the affidavit of the officer stated that he had received information from an anonymous tip and two confidential informants that Sims was dealing drugs. The affidavit also stated that the confidential informants have proved reliable in the past and that the information given by them was corroborated through other sources. The affidavit further discussed the results of surveillance performed by law enforcement personnel. While the officers never actually saw any drug deals or the presence of any drugs while watching Sims, his behavior was consistent with that of a person who is supplying drugs to others. The second confidential informant gave information to the officer that he was personally present when Sims made some of his deliveries. The informant also told the officer that he had personally seen large quantities of drugs in Sims' home. Finally, the affidavit stated that four months prior to the search, an assault victim, Norman Vorhees, had implicated Sims as the one who had assaulted him and that the incident resulted from a drug deal involving one ounce of cocaine. Given the totality of the circumstances listed in the affidavit, the magistrate had a reasonable basis for believing that Sims was engaged in an ongoing pattern of conduct involving the sale of drugs and that there was a fair probability that evidence of that conduct would be found in Sims' home. The first assignment of error is overruled.
 {¶ 6} Sims claims in the second assignment of error that his statements to law enforcement personnel should have been suppressed. Sims argues that he was interrogated prior to receiving notice of his rights and that when he was told of his rights, he did not understand them. This claim is based upon statements he made to officers on the way to the police station, statements made at the police station, and statements he made to another officer at a later date.
 {¶ 7} When the search warrant was executed, Sims was immediately arrested on other outstanding warrants. On the way to the police station, without being questioned, Sims volunteered to become a confidential informant again. Sims was placed in an interrogation room and left alone for a time. When the officer came in to question Sims, the entire process was videotaped. The videotape reveals that Sims was informed of his rights at that time. Sims signed the waiver of his rights and proceeded to speak with the officer. Sims made several statements at that time which implicated himself as well as other people for trafficking in drugs. After being released on bond, Sims went to the sheriff's office where he spoke with a deputy. No request was made for Sims to come to the sheriff's office; rather, he went to the office of his own free will. Sims made statements to the deputy that implicated himself in the offenses charged.
 {¶ 8} Statements made voluntarily by a defendant are not subject to suppression. The state has the burden of proving that the statements are voluntary from the totality of the circumstances. State v. Bobo (1989), 65 Ohio App.3d 685,585 N.E.2d 429. Promises to help a defendant if he talks are not improper inducement as long as no specific promises are made.State v. Loza (1994), 71 Ohio St.3d 61, 641 N.E.2d 1082. When reviewing a denial of a motion to suppress statements, the appellate court is limited to determining whether the trial court's findings are supported by competent, credible evidence.State v. Santini, 144 Ohio App.3d 396, 2001-Ohio-3313,760 N.E.2d 442.
 {¶ 9} A review of the evidence in this case indicates that Sims was very familiar with the criminal justice system. He immediately volunteered to become a confidential informant if the police would help him. He wanted the pending charges to be dismissed. No specific promises were made to him. The officer merely stated that he would do his best to help Sims and that information implicating third parties would remain confidential. Sims was informed of his rights to remain silent and to have an attorney present. He declined to exercise those rights. Sims was also informed that any statements he made could be used against him. The transcript of the interrogation indicates that Sims was volunteering information in an attempt to become an informant. Many of the statements made by Sims were not even made in response to questions, but were volunteered statements. The transcript clearly indicates that the officer told Sims that any decisions about charges being dismissed had to be made by his boss and by the prosecutor. The videotape of the interrogation does not indicate that Sims was under great distress at the interrogation. In addition, Sims signed the admonishment form and the waiver of his rights. A review of the totality of the circumstances indicates that the trial court's findings that the statements were made voluntarily are supported by competent and credible evidence. Although the result of Sims' statements was not what he desired, there is no indication that any promises were made that the results would be different. Thus, the second assignment of error is overruled.
 {¶ 10} The judgment of the Court of Common Pleas of Allen County is affirmed.
Judgment Affirmed.
 Shaw, P.J. and Rogers, J., concur.